IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAICOURRIE DeWAYNE FINLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0078 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY, IN PART, AND
DISMISS, IN PART, PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a form Petition for a Writ of Habeas Corpus by a Person in State Custody challenging four (4) prison disciplinary proceedings that took place at the Telford Unit in Bowie County, Texas. Petitioner is presently incarcerated at the Clements Unit in Potter County, Texas. The undersigned United States Magistrate Judge if of the opinion petitioner's application for federal habeas corpus relief should be DENIED, IN PART, and DISMISSED, IN PART.

I.
BACKGROUND

Cause No. 20090206716: On April 16, 2009, petitioner was found guilty of knowingly making a false statement during an official investigation. Punishment assessed did not include the forfeiture of any previously accrued good time.

Cause No. 2009216520: On April 23, 2009, petitioner was found guilty of knowingly making a false statement during an official investigation and punishment assessed included the loss of twenty (20) days previously accrued good time.

Cause No. 20100005539: On September 10, 2009, petitioner was found guilty of failing to obey an order and exposing an officer to body fluids (by spitting in the officer's face) and punishment assessed included the loss of 365 days previously accrued good time.

Cause No. 20100008843: On September 20, 2009, petitioner was found guilty of assaulting an officer which resulted in a non-serious injury and punishment assessed included the loss of thirty (30) days previously accrued good time. Petitioner attempted to challenge these disciplinary proceedings through the prison grievance system, however, all such grievances were returned to petitioner because they were submitted after the grievable time period had expired.

On April 9, 2010, petitioner filed the instant habeas petition challenging all four (4) disciplinary proceeding decisions.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated during each of his disciplinary hearings as follows:

Case No. 20090206716:
1. The disciplinary hearing was not timely held;
2. Petitioner was denied a fair and impartial decision maker; and
3. There was insufficient evidence to find petitioner guilty of the charged offense.

Case No. 20090216520:
1. Petitioner was not allowed to view or examine the handwriting evidence;
2. Petitioner was denied witnesses;
3. Petitioner was denied a fair and impartial decision maker; and
4. There was insufficient evidence to find petitioner guilty of the charged

offense.

Case No. 20100005539:
1.   The hearing officer refused to view a video of the offense;
2.   Petitioner was denied the right to present witnesses;
3.   Petitioner was denied a fair and impartial decision maker; and
4.   There was insufficient evidence to find petitioner guilty of the charged offense.

Case No. 20100008843:
1.   Petitioner was denied the right to call a witness at the hearing;
2.   Petitioner was denied exculpatory evidence, to wit: a video of the offense;
3.   There was insufficient evidence to find petitioner guilty of the
     charged offense; and
4.   Petitioner was denied a fair and impartial decision maker.

### III.
### NO LOSS OF GOOD TIME

In order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner <u>MUST</u>, at a minimum, be eligible for release on mandatory supervision **AND** have received a punishment sanction that included forfeiture of <u>previously accrued</u> good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In Case No. 20090206716, punishment assessed did not include the loss of good time. Any other punishment assessed, including recreation, commissary and cell restrictions, does not implicate the Due Process Clause of the United States Constitution. Since petitioner did not receive a punishment sanction that included forfeiture of previously accrued good time credits in Case No. 20090206716, he is not entitled to federal habeas corpus relief with regard to that disciplinary proceeding. Petitioner's claims should be DENIED.

IV.
EXHAUSTION AND PROCEDURAL DEFAULT

Petitioner's federal habeas application is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. Petitioner's habeas application may, however, be denied on the merits notwithstanding petitioner's failure to exhaust the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[1] Consequently, an inmate challenging a prison disciplinary proceeding on constitutional grounds must exhaust his administrative remedies by following all internal dispute resolution procedures before seeking habeas corpus relief in federal district court.

Petitioner failed to properly challenge Disciplinary Case No. 20090216520 (making a false statement), No. 20100005539 (failing to obey an order and exposing an officer to bodily fluids), and No. 20100008843 (assaulting an officer), through the prison grievance procedure. Specifically, each of petitioner's Step 1 grievance forms were returned to him because they were not submitted until after the time period for filing a grievance had expired. As a result, the

---

[1] At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

merits of petitioner's claims with regard to these disciplinary proceedings were never administratively reviewed and petitioner's administrative remedies were not exhausted. Petitioner may not now attempt to exhaust his claims through the prison grievance system since any newly filed grievances would also be untimely.  Petitioner is thus procedurally barred from presenting his claims to state authorities and has procedurally defaulted administrative review of his claims.

In his reply to respondent's answer, petitioner asserts he has, in fact, exhausted his administrative remedies because he gave prison administrators the first "opportunity" to address his complaints by filing a Step 1 grievance, albeit an untimely-filed grievance, but that the prison administrators chose to "pass upon the opportunity" to address his complaints.  Petitioner further argues access to federal courts is not conditioned upon the procedural time lines of prison administrators.  Petitioner thus concludes his petition should not be dismissed for failure to exhaust.

In his grievances, but not in his federal habeas petition, petitioner alleges he was not able to timely pursue grievances in each of his cases due to his transient status (had to rely on correctional officers to physically file his written grievances for him) or his assignment to a psychiatric facility post-hearing.  In his reply to respondent's answer, petitioner asserts he was unable to file the required grievances because he was denied access, despite repeated requests, to the tape recordings of the disciplinary hearings and, with regard to the September 2009 hearings, was immediately transferred to a psychiatric facility after the hearings and did not have access to items needed to file a grievance.  Petitioner also asserts he was granted deadline extensions to file his grievances by both the unit warden and the unit grievance office.  Petitioner asserts he filed his Step 1 grievances at the first opportunity, and concludes his claims should not be

dismissed for any failure to exhaust.

Petitioner has offered no probative evidence to support any inability to timely utilize the prison grievance process or any interference by respondent in petitioner's utilization of the prison grievance procedure. Petitioner has not submitted any documentation or other evidence to show he was denied all access to the grievance process, to show he was granted extensions of time to challenge the disciplinary rulings, to show he filed Step 1 grievances in addition to and prior to those contained in the grievance record, to show he submitted any Step 2 grievances, or was refused access to the audio tapes of the hearings.[2] Petitioner's self-serving conclusory statements are not of sufficient evidentiary value to support a finding that circumstances existed that rendered the prison grievance process ineffective to protect petitioner's rights. Petitioner has not demonstrated adequate cause for his procedural default, nor has he demonstrated actual prejudice as a result of such default. Consequently, his procedural default precludes federal habeas corpus review of petitioner's remaining claims. For this reason, petitioner's claims challenging Disciplinary Case Nos. 2009216520, 20100005539 and 20100008843 should be dismissed for failure to exhaust and as procedurally barred.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JAICOURRIE DEWAYNE FINLEY be DENIED, IN PART, and DISMISSED, IN PART.

---

[2] Petitioner was present at the hearings and in the Step 1 grievances included in the record, set forth in detail the claims he asserted challenging the disciplinary hearings.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of October 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).